Argued March 22, affirmed April 30, 1979

STATE OF OREGON, *Respondent,*
*v.*
KELLY JAMES BRADY, *Appellant.*
(No. C 78-04-06858 & C 77-11-16729)
(CA 12014 & 12015)
(Cases Consolidated)

593 P2d 1291

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals the judgments in two cases which were consolidated for appeal. He contends it was unlawful for the court to revoke his probation on the basis of a conviction for a crime committed before he was placed on probation. He also contends the sentences imposed were excessive, and constitute cruel and unusual punishment.

It is important to understand the chronology of events leading up to the revocation of defendant's probation. On February 1, 1978, defendant was convicted of Theft in the First Degree on a plea of guilty. The court ordered a presentence report and continued the case for sentencing to April 25, 1978. The sentencing was reset to May 10, 1978. On April 25, 1978, defendant was arrested for a charge of Criminal Activity in Drugs. A district attorney's information respecting this charge was filed on April 27, 1978. Defendant was arraigned in district court on May 8, 1978, and the case was continued to May 16, 1978, for a preliminary hearing.

On May 10, 1978, prior to the preliminary hearing, defendant was placed on probation for the theft charge to which he had pleaded guilty on February 1, 1978. At the preliminary hearing on May 16, 1978, defendant was bound over to the circuit court on the drug charge and an information charging him with two drug offenses was filed in circuit court on May 18, 1978. Defendant entered a plea of guilty to one drug charge on June 23, 1978, and the case was continued to August 11, 1978, for sentencing. A hearing on revocation of defendant's probation was consolidated with the sentencing on the drug charge.

At the hearing, defendant contended that because he had not yet been placed on probation when he committed the new criminal act, his probation could

not be revoked on the basis of his plea to the new charge. During the hearing the court stated:

"* * * * *

"THE COURT: Because I had to fool around and wait for this pre-sentence report, the date of his sentencing was set to April 25, at 1:30. For some reason or other the sentencing was set over to May 10th—

"* * * * *

"THE COURT: * * * * *

"But the fact is that on the same day of April 25th, in which he was supposed to be sentenced, that's the date the cocaine transaction took place.

"* * * * *

"THE COURT: Now, while the man was awaiting sentence on one charge, he's out attempting to peddle the cocaine.

"It may be, as you state, that I was aware of a pending charge on May 10th when I did in fact sentence him on the Theft Charge, but all I knew, it was a pending charge, and I obviously did not— obviously didn't hold that pending charge against him in any way because he was granted probation.[1]

"I'm saying this to you, so that you will know that I don't exactly agree with your analysis of his being so free of criminal activity. He had one sentence hanging over his head, and he's out and gets caught on another case entirely.

"* * * * *."

The court sentenced defendant to five years' imprisonment on the drug charge, revoked defendant's probation and sentenced him to five years' imprisonment to run concurrent with the sentence on the drug charge. There was no evidence that the court was fully cognizant of the pending charge when it granted probation. Unless the court fully considers the pending charge and in essence agrees to allow defendant to remain on probation regardless of the outcome of a pending charge, thus including such a charge in the

---

[1] No mention was made of the pending charge during the sentencing hearing on May 10, 1978.

bargain. The court has the authority to consider conviction of that charge in revoking probation. *See United States v. Ross*, 503 F2d 940 (5th Cir 1974); *People v. Pinon*, 35 Cal App 3d 120, 110 Cal Rptr 406 (1973).

The sentences imposed were both within the maximums allowed by statute for the crimes committed. In light of defendant's prior involvement in crime they were neither excessive nor cruel and unusual. *See State v. Dinkel*, 34 Or App 375, 579 P2d 245 (1978), *rev den* (1979).

Affirmed.